UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| SIJAN OLI,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>    Respondents. | No. 6:26-CV-059-H |

# ORDER

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA.  ___ F.4th ___, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Sijan Oli, a native and citizen of Nepal, is one such alien, having illegally entered the United States over three years ago.  His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the text of the INA, the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act.  Dkt. No. 1.

In light of *Buenrostro-Mendez*, Oli's due process and APA claims are the only remaining non-foreclosed issues.  But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing.  Due process is a contextual concept, and in the context of alien removal, it is a limited one.  Congress determined that aliens like Oli are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here.  That is more than sufficient process so far as the Due Process Clause is concerned.  And the APA claim fails, too.  Therefore, the petition (Dkt. No. 1) is denied.

Because the legal arguments and facts presented in the petition are indistinguishable from those addressed in the Court's prior decisions denying relief, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus.[1] 28 U.S.C. § 2243. Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The petition (Dkt. No. 1) is denied.

**1.   Background**

In October 2022, Oli illegally entered the United States. Dkt. No. 1 ¶ 14. He was apprehended, placed into removal proceedings, and released on recognizance. *Id.* ¶ 70; Dkt. No 1-1 at 8–10. Three years later, U.S. Immigration and Customs Enforcement (ICE) detained Oli without bond at a scheduled check-in. Dkt. No. 1 ¶ 21. The petition is silent as to whether Oli requested a bond hearing. But in any case, doing so would be futile in light of the Board of Immigration Appeals' opinion in *Matter of Yajure Hurtado*, holding that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).[2]

---

[1] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, __ F. Supp. 3d __, No. 1:25-CV-177, 2026 WL 81679 (N.D. Tex. Jan. 9, 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

[2] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado* under the APA. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873, Dkt. No. 116, at 16 (C.D. Cal. Feb. 18, 2026). But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief. __ F. Supp. 3d __, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025). *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). Thus, Oli's petition does not present an exhaustion problem. *Id.*

Oli filed a petition for a writ of habeas corpus. Dkt. No. 1. The petition states seven claims for relief, though only four are pertinent here.[3] In his first two claims, Oli alleges that his detention without bond violates the INA and the APA. *Id.* ¶¶ 50–54, 59–63. And in his third and fourth claims, Oli contends that his detention without bond violates his right to procedural and substantive due process under the Fifth Amendment. *Id.* ¶¶ 41–49, 55–57; *see also id.* ¶ 62.

Oli's claim under the INA is foreclosed by binding Fifth Circuit precedent. Twelve days before Oli filed his petition, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 2026 WL 323330, at *1. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within

---

[3] Oli's last three claims are either frivolous or simply request additional forms of relief. First, Oli requests that the court stay his removal "to protect his statutory right under the INA and the APA." Dkt. No. 1 ¶ 66. But there has been no infringement of his rights under the INA or APA. Second, Oli's suspension-clause claim is contingent on the application of the INA's jurisdiction-stripping provision, 8 U.S.C. § 1252. *Id.* ¶ 68. This is a moot point because this provision does not apply. *See Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018). Finally, Oli requests injunctive relief in the form of a "temporary restraining order and a preliminary injunction." *Id.* ¶ 75. But as shown more thoroughly below, Oli fails to demonstrate that he is entitled to such relief.

Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 2026 WL 323330, at *4 (quoting *Garibay-Robledo v. Noem*, 2026 WL 81679, at *5).[4]

Currently, Oli is detained at the Eden Detention Center. Dkt. No. 1 ¶ 8.

**2.   Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

**3.   Analysis**

As noted above, Oli raises four substantive claims in his habeas petition—one involving Sections 1225 and 1226 of the INA, two based on the Fifth Amendment's Due Process Clause, and another under the APA. Dkt. No. 1 ¶¶ 41–63. As explained below, *Buenrostro-Mendez* forecloses Oli's statutory claim. Thus, the only claims left for consideration are Oli's due process and APA claims. The Court has considered whether the

---

[4] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.1. Moreover, as the Court explained in *Goyo Martinez*, a petitioner remains an applicant for admission even if he was previously released into the United States on an order of recognizance. 2026 WL 114418, at *7.

Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases. *See supra*, n.1. Likewise, the Court has considered whether APA claims are available in similar habeas proceedings.[5] Even so, the Court considers the arguments raised in Oli's petition to address whether bond-less detention of aliens present in the United States violates the Constitution or the APA. The answer is no.

### A.     *Buenrostro-Mendez* forecloses Oli's INA claim.

Oli asserts that "[m]andatory detention does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings." Dkt. No. 1 ¶ 52. But this argument is foreclosed by binding precedent.

Oli is an "applicant for admission" within the meaning of Section 1225(a)(1). Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Oli is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 2026 WL 323330, at *1. Thus, Oli's INA claim fails.

---

[5] *See, e.g.*, *Garibay-Robledo*, 2026 WL 81679, at *10.

> **B.     The Due Process Clause does not require the government to give Oli a bond hearing.**

Next is Oli's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 41–49, 55–57. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Oli's arguments. He argues that his "continued detention violates his right to substantive and procedural due process." *Id.* ¶ 43. But either way, he is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable

aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528.  It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526.  Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim fares no better.  As an "applicant for admission," Oli has "only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140; *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative.").  With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission.  "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297.  No part of the statute "says anything whatsoever about bond hearings." *Id.*  Accordingly, Oli is not entitled to a bond hearing as a matter of procedural due process.

      **C.**    **Oli does not have standing to bring his APA claim.**

Finally, Oli presents a scatter-shot APA claim.  Dkt. No. 1 ¶¶ 59–63.  He claims that the respondents' "actions"—he does not specify which—"would improperly alter the substantive rules concerning mandatory custody status without the required notice-and-comment period and would be in violation of the INA and its regulations." *Id.* ¶ 63.  He asks that the Court "hold unlawful and set aside" the respondents' actions as "contrary to constitutional right, power, privilege[,] or immunity." *Id.* (quoting 5 U.S.C. § 706(2)(B)).

He then shifts gears, arguing that the bond regulations, 8 C.F.R. §§ 1003.19(h)(1)(B) and 1003.19(h)(2)(B), are "ultra vires" and contrary to the INA and Fifth Amendment. *Id.* To remedy these violations, Oli asks the Court to "hold that [he] is detained under" the discretionary-detention provision, 8 U.S.C. § 1226, "and order his immediate release." *Id.* In the alternative, Oli requests that the Court direct the IJ to conduct a bond hearing. *Id.*

In sum, Oli's APA claim is a hybrid claim—challenging unconstitutional agency action under 5 U.S.C. § 706(2)(B), in addition to ultra vires agency regulations. But Oli lacks statutory standing and Article III standing, respectively, to bring these claims.

First, statutory standing. Section 704 of the APA provides that "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added). Because Oli "requests habeas relief as the remedy for his APA claim, he unwittingly admits that there is . . . an adequate remedy outside of the APA." *Garibay-Robledo*, 2026 WL 81679, at *10. And the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement[,]' these claims must be brought in habeas." *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *J.G.G.*, 604 U.S. at 672); *cf. Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (same, in Section 1983 context). The APA thus does not provide for judicial review of this claim.

Second, Oli admits that "DHS finds that he is detained subject to 8 U.S.C. § 1225(b)(2)" and that "the IJ lacks jurisdiction" to reconsider his custody determination because of *Yajure Hurtado*. Dkt. No. 1 ¶ 51. But "[t]o demonstrate Article III standing, a plaintiff must show (1) injury-in-fact, (2) causation, and (3) redressability." *Lowman v. Enter.*

– 8 –

*Fin. Grp., Inc.*, No. 3:24-CV-2752, 2025 WL 2778380, at *1 (N.D. Tex. Sept. 30, 2025) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).  Oli fails to demonstrate how his mandatory detention is fairly traceable to the purportedly ultra vires DHS regulations.  He proves only that *Yajure Hurtado* divests IJs of jurisdiction to conduct bond hearings for alien detainees like himself.  Having failed to demonstrate causation, Oli lacks standing to bring this ultra vires claim.  *See Lujan*, 504 U.S. at 561.[6]

### 4.   Conclusion

In short, Oli, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A).  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  The Due Process Clause and the APA do not require a bond hearing in these circumstances.  Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on February 20, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[6] The Court is similarly doubtful of the merits of this claim, as both challenged provisions apply to "[a]rriving aliens."  *See* 8 C.F.R. §§ 1003.19(h)(1)(B), 1003.19(h)(2)(B).  But by Oli's own admission, he is not an "arriving alien"; "he had already . . . established a life in the United States" before he was detained.  Dkt. No. 1 ¶ 70.  *Buenrostro-Mendez*, *Yajure Hurtado*, and the independent statutory construction in this Court's prior orders, *supra*, n.1, all demonstrate that aliens like Oli are "applicants for admission" subject to 8 U.S.C. § 1225(b)(2)(A).